RECEIVED
AUG 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
for the District of Columbia

Don Benny Anderson,
Plaintiff,

v.

Alberto Gonzales,
United States Attorney General
&
Harley G. Lappin,
Director, Federal Bureau of Prisons
Defendant(s).)

Civ. Action No. 07-1319-JDB

JDB

MOTION TO AWARD THE WRIT OF HABEAS CORPUS FILED PURSUANT TO TITLE 28 U.S.C.A. §2241 and TITLE 28 U.S.C.A. § 2243 and TITLE 28 U.S.C.A. §1651.

§ 2243. A...judge entertaining an application for writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted...It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

Clerk wrongfully gave "Description: Habeas Corpus/2255". See Exhibit A.

On page 10 of writ it plainly states, "Each day Anderson is kept in prison, court is blocking campaign for the Presidency of the United States. To be established in this land is a free people by the power of God, with due process of law." Plaintiff is being denied due process of law.

Affidavit/Declarations under penalty of perjury reveals courts acted in the complete absence of all jurisdiction. See page 12-15. No return certifying the true case of the detention is possible by Respondent/Defendants; see Evidence of Fact attached behind Exhibit A.

Dated August 1 ,2007.

Respectfully submitted,

Don B. Anderson

Don Benny Anderson
#06260-026
Federal Correctional
Institution
P.O. Box 5000
Pekin, IL 61555

Certificate of Service

I hereby certify that on August 1 , 2007, a copy of my MOTION TO AWARD THE WRIT OF HABEAS CORPUS FILED PURSUANT TO TITLE 28 U.S.C.A. §2241 and TITLE 28 U.S.C.A. §2243 and TITLE 28 U.S.C.A. §1651 was mailed to all defendant/respondent(s) at the following addresses:

Attorney General:
Alberto Gonzalles
950 Pennsylvania Ave NW Rm 4400
Washington, DC 20530

Director:
Harley G. Lappin
Federal Bureau of Prisons
320 First Street N.W.
Washington, DC 20534

U.S. Attorney:
Kenneth L. Wainstein
5806 Judiciary Center Bldg.
555 4th St. N.W.
Washington, DC 20001

Don B. Anderson

Don Benny Anderson
#06260-026
Federal Correctional
Institution
P.O. Box 5000
Pekin, IL 61555

Clerk: Please stamp file and put in return envelope, Thank you, Don

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTICT OF COLUMBIA

DON BENNY ANDERSON )
AFFIANT/PETITIONER )
v )
ALBERTO GONZALES )
"UNITED STATES," )
ATTORNEY GENERAL )
and )
HARLEY G. LAPPIN )
DIRECTOR )
FEDERAL BUREAU OF PRISONS )

Case: 1:07-cv-01319
Assigned To : Bates, John D.
Assign. Date : 7/23/2007
Description: Habeas Corpus/2255

MOTION FOR APPLICATION FOR ISSUANCE OF WRIT OF HABEAS CORPUS ORDER DISCHARGING PETITIONER AND RELIEF FROM PENALTIES RESULTING FROM CONVICTIONS

Comes now Don Benny Anderson and files this petition pursuant to Title 28 U.S.C.A. § 2241 and Title 28 U.S.C.A. § 2243 and § 1651.

Anderson invokes the jurisdiction of the Court in the nature of Title 28 U.S.C. Section 2241, (c) (1) and (2) and (3).

Anderson invokes Title 28 U.S.C. Section 1651; and the Distirct of Columbia Code, Section 13-422, which provides that:

"A District of Columbia Court may exercise personal jurisdiction over a person domiciled in, organized under the Laws of, or maintaining his/her or its principle place of business in the District of Columbia as to any claim for relief."

RESPONDENTS, who are properly named above in the caption area,



Exhibit A

Original

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTICT OF COLUMBIA

DON BENNY ANDERSON )
AFFIANT/PETITIONER )
v )
ALBERTO GONZALES )
"UNITED STATES," )
ATTORNEY GENERAL )
and )
HARLEY G. LAPPIN )
DIRECTOR )
FEDERAL BUREAU OF PRISONS )

Evidence of Fact

Cause Number ____________

Re: United States District Court For The Eastern District Of Virginia, Alexandria, Virginia. Case No. 83-00159-A.

MOTION FOR APPLICATION FOR ISSUANCE OF WRIT OF HABEAS CORPUS ORDER DISCHARGING PETITIONER AND RELIEF FROM PENALTIES RESULTING FROM CONVICTIONS

Comes now Don Benny Anderson and files this petition pursuant to Title 28 U.S.C.A. § 2241 and Title 28 U.S.C.A. § 2243 and § 1651.

Anderson invokes the jurisdiction of the Court in the nature of Title 28 U.S.C. Section 2241, (c) (1) and (2) and (3).

Anderson invokes Title 28 U.S.C. Section 1651; and the Distirct of Columbia Code, Section 13-422, which provides that:

"A District of Columbia Court may exercise personal jurisdiction over a person domiciled in, organized under the Laws of, or maintaining his/her or its principle place of business in the District of Columbia as to any claim for relief."

RESPONDENTS, who are properly named above in the caption area,

are the Court designated custodians over the Petitioner, both of whom have their principle place of business in the District of Columbia, whereby this Court has personal jurisdiction over Respondents and the cause at bar in the nature of Section 2241, of Title 28, of the United Code and Section 2243, of Title 28, of the United States Code and Section 1651, of Title 28, of the United States Code and of Section 13-422, of the District of Columbia Code.

**Virginia illegal sentence consecutive to illegal sentence below.** **

Petitioner establishes by and through the authorites, and attached documents (exhibits) that he is unlawfully imprisoned, unlawfully in custody and unlawfully detained in violation of the United States Constitutional and statutory rights.

District court has jurisdiction to consider habeas petition brought by Don Benny Anderson. The United States may be deemed to be detainee's custodian, detainee is a United States Citizen, held in slavery by fraudulent created judgment order by Judge William L. Beatty, United States District Court for the Southern District of Illinois, Benton, Illinois, Cause No. 82-CR-50031, and others.

"**FINDING & JUDGEMENT** Defendant has been convicted as charged of the offense(s) of Interference with commerce by threats or violence and Aiding and Abetting in violation of 18 United States Code, Section 1951 and 2, as charged in Count 1 & 2 of the Indictment." **Page 31.**

Judge Beatty never gave the jury instructions that Anderson was charged with Interference with commerce by threats or violence. Nor does the charging instrument allege that Anderson "interfered with commerce by threats or violence"*. Nor was jury instructed to find Anderson Aided and Abetted in violation of 18 United States Code,

*Indictment pages 21-24.

**Courts lacked jurisdiction to impose lawful sentences.**

2 as charged.

In United States v. Anderson, 716 Federal Reporter, 2d Series, page 448 shows and clearly demonstrates the following: **Pages 25-29.**

> "At the close of the evidence, the jury was instructed, in accordance with the Seventh Circuit Federal Court Pattern Jury Instructions § 202, as follows:
> The defendant is charged with the crimes of attempting to obstruct commerce by extortion and conspiring to obstruct commerce by extortion. The defendant has denied that he is guilty of the charges." **Page 27.**

On page 450 the Seventh Circuit affirmed as follows:

> For the foregoing reasons, defendant's convictions of attempt and conspiracy under 18 U.S.C. § 1951 are AFFIRMED. **Page 29.**

Note that the Seventh Circuit did not confirm fraudulent convictions created in the JUDGMENT AND PROBATION/COMMITMENT ORDER:

> "Interference with commerce by threats or violence and Aiding and Abetting in violation of 18 United States Code, Sections 1951 and 2, as charged in Counts 1 & 2 of the Indictment. **Page 31.**

The Supreme Court in Stirone v United States, 4 L ed 2d 252 (1960) demonstrates that Indicment left the Federal Government and district court without jurisdiction. From page 257:

> "[T]here are two essential elements of a Hobbs Act crime: interference with commerce, and extortion. Both elements have to be charged. Neither is surplusage and neither can be treated as surplusage.

> The charge that interstate commerce is affected is critical since the Federal Government's jurisdiction of this crime rests only on that interference.

Charging instrument does not charge interstate commerce was affected nor extortion. Prosecutors never presented any evidence proving Anderson committed extortion under 18 U.S.C. § 1951 as described by Supreme Court's statutory interpetation set forth in Scheidler v. National Organization For Women Inc., 537 U.S. 393 (2003).

In United States v. Gonzalez-Lopez, Decided June 26, 2006, Court stated in Arizona v. Fulminatee, 499 U.S.279(1991), we divided constitutional errors into two classes. The second class of constitutional error we called "structural defects." These "defy analysis by 'harmless-error' standards" because they "affect[t] the framework within which the trial proceeds," and are not "simply an error in the trial process itself." One of these is "the denial of the right to trial by jury by the giving of a defective reasonable-doubt instruction, see Sullivan v. Louisiana, 508 U.S. 275(1993).

In this case at bar, Anderson was "denied the right to trial by jury by the giving of a defective reasonable doubt instruction".

Anderson has plainly demonstrated the defect in the above and attached documents.

At sentencing, Anderson told Judge Beatty you know no crime was committed by the jury instruction given. The jury did not understand that interstate commerce had to be affected and property extorted.

Judge Beatty stated he could not tell Anderson how crime was

committed. Anderson was removed from the court room. Judge Beatty subsequently created the fictional Judgment Committment Order for bogus Hobbs Act crime.

The Seventh Circuit Court of Appeals manufactured bogus federal crimes taking place about 75 miles northeast of the jurisdiction of the sentencing court.* Does not constitute a Hobbs Act crime.

There is no rational trier of fact on court tape recordings to find petitioner guilty beyond a reasonable doubt. Const.Amend.5,13,14. Petitioner has just demonstrated or made a showing of actual innocence such that failure of consider his claim on federal habeas review would result in fundamental miscarriage of justice. Const. Amend. 4,5,13,14. **Denied right to impartial judges federal and state.****

Petitioner relies on <u>In re Winship</u>, 397 U.S. 358, 364 90 S.Ct. 1068, 25 L.Ed. 368 (1970) "Constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. Secondly, Anderson relies on the plain and fundamental mandate of the Constitution for the United States of America, Article III, Section 2. Clause 3:

> "The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed";

Judge did sentence a factually and actually innocent victim Don Benny Anderson into slavery. Acting in the complete absence of all jurisdiction.

* **Pages 25-29** ****Art.III,Sec.2,Cl.3.** 

Prosecutor sent Anderson notice all transcripts have been destroyed. Therefore, Anderson's Affidavit must stand for truth.* Transcripts were destroyed to cover up the kidnapping and slavery of Don Benny Anderson by federal and state agents. In Virginia case, Prosecutor destroyed tape recordings and stenographer notes destroyed.

Anderson is also being held in slavery by fraudulently created judgment order** created by James C. Cacheris, United States District Court for the Eastern District of Virginia, Alexandria, Virginia, Cause No. 83-00159-A. **No Indictment by Grand Jury. See page 32.**

After Anderson informed Judge Cacheris in open court, under oath, that he did not commit any act or crime charged. Judge Cacheris informed Anderson that he would have to stand trial. No jury trial occurred. Cacheris created a fictional judgment committment order fraudulently claiming that Anderson made a plea of guilty with a factual basis for the plea.** **NO TRIAL OR FACTUAL BASIS FOR PLEA.*****

Structual error occurred, see KcKaskle v. Wiggins, 456 U.S. U.S. 168, 177-178,n.8(1984), the denial of the right to public trial.

Judge Cacheris never allowed jury trial to take place. Anderson relies on In re Winship, "constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Secondly Anderson relies on the plain and fundamental mandate of the Constitution for the United States of Amercia, Article III, Section 2. Clause 3.

Judge Cacheris did knowingly and willingly with criminal intent ~~did sentence a factually and actually innocent victim Don Benny~~ Anderson into slavery. Acting in the complete absence of jurisdiction.

*Pages 16-19. **Page 33. ***Page34

Writ of habeas corpus will issue on basis of prosecutor's comments during grand jury, trial, closing, and sentencing that so infected trial with unfairness as to make resulting conviction a denial of due process without presenting evidence of guilt beyond the reasonable doubt standard. U.S.C.A. Const.Amend. 4,5,13,14.

Judge cannot waive the fundamental mandate placed upon him to conduct "The Trial of...Crimes...by Jury...such Trial shall be held in the State where the said Crimes shall have been Committed." Article III, Section 2. Clause 3. Nor can judge allow for a "conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged". Mandate by the Supreme Court, In re Winship, 25 L.Ed. 368 (1970).

Petitioner never had a trial by jury in any State where he committed a crime.

Court(s) acted in the complete absence of all jurisdiction to to impose slavery and execute sentence on a factually and actually innocent victim, Don Benny Anderson.

This federal court should conduct habeas review of alleged grand jury and trial errors only to determine whether if err so infected the trial with unfairness as to make the resulting conviction of denial of due process and if there was probable cause. U.S.C.A. Const.Amend. 4,5,13,14.

The Thirteenth Amendment is not a mere prohibition of laws establishing or upholding slavery, but an absolute declaration that slavery or involuntary servitude shall not exist in any part of the United States. U.S.C.A. Const.Amend.13.

Denied right to be free from cruel and unusual punishment. U.S.C.A. Const.Amend. 8.

All courts acted in manner inconsistent with the due process, or proceeded beyond the powers granted to it by law U.S.C.A. Const. Amend. 4,5,8,13,14.

The right to present a defense free from categorical exclusions of competent, reliable, and unprivileged evidence of actual innocence is clearly established for purposes of habeas review. U.S.C.A. Const.Amend. 5,14.

Petitioner claims that he was arrested without probable cause in all federal and state cases, because his arrests were based upon perjury or some unlawful act and no lawfully impanelled grand jury selected, indicted with required number of grand jurors concurring and approving the indictment, **denied right to confront witnesses and obtaining witnesses in his favor, is cognizable on feder-**al habeas review, where federal and state courts provided no opportunity for full and fair litigation. U.S.C.A. Amend.4,5,6,13,14.

Writ of habeas corpus will issue on basis of Want of Counsel on court tape records and no evidence of guilty beyond a reasonable doubt standard. U.S.C.A. Const.Amend.5,6.

In order to show a "fundamental miscarriage of justice," that allow petitioner to obtain habeas review of an other wise procedural default claim, Petitioner does demonstrate actual innocence in affidavit.*

Equitable tolling Antiterrorism and Effective Death Penalty Act (AEDPA) limitations period is appropriate because petitioner exercised reasonable diligence in trying to obtain transcripts in investigation and bring claims, and he was prevented from asserting his rights in extrordinary way by court, pretender counsels and prosecutors and could not raise issues on appeal. Anderson was not

***Pages 16-19.**

allowed to appeal himself and have access to transcripts.

Petitioner's inability to obtain trial transcripts does warrant equitable tolling of limitations period, where the transcripts are necessary to develope and prove claims in this petition. Const. Amend. 5,13, 14. Extraordinary circumstances warrant tolling limit.

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. An actual controversy must exist during all stages of litigation. One of the primary concerns included in petition presents a challenge to execution of illegal sentence and collateral attack on all final judgments of state and federal courts that the United States Parole Commission has used against him in the past and by courts both federal and state and final decision by the National Appeals Board dated November 18, 2004.

This is court of last resort. The only constitutional courts are located in the District of Columbia. This petition is before this court on constitutional grounds and statutory grounds.

CLAIM UPON WHICH RELIEF MAY BE GRANTED

Anderson is in slavery in violation of his Constitutional Rights listed in Artcle I, III, and Amendments I, IV, V, VI, VII, VIII, IX, X, XIII, XIV and XV.

Petitioner does present a legally cognizable reason for this court to maintain jurisdiction over his habeas claims. Some of petitioner's sentences expired and alleged counsels refused to bring up that Anderson was factually and actually innocent of alleged crimes in presentence reports that enhanced the illegal sentence imposed by a court that was acting in the absence of all jurisdiction. U.S.C.A. Const. Amend. 5,6,8,13,14.

All enhancing sentences must be declared "null" and "void" for courts and parole commission used them to enhance Anderson sentence at one time or another. Or they will be used against Anderson at his next parole hearing.

Anderson demonstrates there will be collateral consequences that would warrant survival of these claims when released. Petitioner bears burden of establishing such collateral consequences of his conviction as would warrant habeas relief after his release. Consequences were imposed by operation of law.

Petitioner demonstrates that he is in custody now at the time of filing of this petition that release subsequent will not render the petition moot, i.e., that it continues to present a case or controversy under Article III, § 2 of the Constitution. Collateral consequences of the conviction - must exist if the suite is to be maintained. - Idema v. Rice, 478 F.Supp.2d 47. Also petitioner bears burden of establishing such collateral consequences of his conviction as would warrant habeas relief after his release.

See, e.g., Kimberlin v. U.S. Parole Comm'n, No. 03-5017, 2004 WL 885215, at *1 (D.C.Cir.Apr.22,2004)(noting that petitioner "must demonstrate continuing collateral consequences attributing to the challenged ... decisions to avoid dismissal of his petition"); DeFoy v. McCullough, 393 F.3d 439, 442n. 3(3d Cir.2005)("It is a petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot".)

In Lane v. Williams, 455 U.S. 624, 631-32, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982), the Supreme Court limited post-relief to "civil disabilities" imposed on former detainess by operation of law. See also Carafas v. La Vallee, 391 U.S. 234, 237-38, 88 S.Ct.1556, 20

L.Ed.2d 554 (1968) (finding that habeas petition was not moot after expiration of sentence because of certain statutory consequences of being a convict under New York law such as the right to vote, serve as an official in labor union, serve as a juror or engaged in certain businesses).

Habeas petition will not become moot after release from prison. Some sentences have been completed and Anderson is being illegally and unconstitutionally imprisoned by courts that acted in the complete absence of all jurisdiction by operation of law. Corrupt Parole Commission, Bureau of Prisons and Attorney General agents are keeping Anderson in slavery by operation of law.

By operation of law he is losing his right to vote, be on jury,grand jury as he moves from state after his release from prison. At this time by operation of law he is losing his right to vote and be on jury and his constitutional rights. Having to get permission form parole officer to move into his jurisdiction is continuing collateral consequence,reporting to Halfway House and parole officer, not allowed to own a gun, fly a plane, travel to certain places without informing authorities about fake government created bogus convictions, and going into business immediately.

Anderson challenges all his underlying convictions, used by the United States Parole Commission, and if released during the pendencey of this habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficent to satisfy the injury requirement. Spencer v. Kemna, 523 U.S. 1, 8, 118 S.Ct. 987, 140 L.Ed.2d 43 (1998). "that is likely to be redressed by a favorable judicial decision."

PRAYER FOR RELIEF

Anderson moves this Honorable Court to notify all federal and state agencies that it is issuing an Order of Notification that petitioner was premeditately **kidnapped,** false arrest and illegally convictions and sentences have been declared null and void and failure to comply with Court's expungment order will make the agency plus individuals liable for a penalty of One Million Dollars Per Day each, payable to petitioner if they do not comply. And that a notation in the record is insuffícent. That there is to be no trace of them; that the expungment of petitioner's records are ordered against all persons and agencies who maintain custody of such records must be turned over to petitioner intact within 30 days and verification by this Court. A Certification of Compliance must be filed with this Court within 30 days of the receipt of order and said order is not in violation of State of Illinois nor federal law. For petitioner is a victim of a conspiracy and respondent cannot provide a transcript proving the charged crimes occurred as alleged in the fictional charging instrument.

Collateral consequences are that Anderson is entitled to compensation for illegal and unconstitutional acts committed by federal and state agents and agencies. And he will be prevented from getting compensation in the courts if records remain. He is entitled to compensation for the criminal destruction of his good name, family and business opportunites, and he is planning on traveling abroad, running for public office, flying planes, voting in state and federal elections, being on a jury, owning a gun, getting drivers license, traveling in in every state, going into business immediately and may suffer another

possible false arrest, conviction and sentences in the future on fictional charges as in this case at bar, which would enhance future sentence, that has been used against petitioner by conspirators in United States District Courts and the United States Parole Commission and will suffer further collateral consequences if false arrest records, conviction records and sentencing records remain and references to them. A federal district court has the authority in a habeas corpus proceeding, to order the expungment of Habeas petitioner's criminal records against all persons who maintain custody of such records. See Grandison v. Warden, Maryland House of Corrections, 423 F. Supp. 112, 166 (D.Md.1976); See United States ex. rel. Gauthreaus v. State of Ill. Pardon and Parole Bd., 447 F.Supp. 600, 630-04 (N.D.Ill.1978). Petitioner is also requesting an Order stating that if asked if he has been arrested or convicted or sentenced in the past he can legally state, "No.". Because in reality petitioner was intentionally, illegally and unconstitutionaly arrested, convicted and sentenced and court decreed them "Null" and "Void". Petitioner again at this time also moves this court in the interest of justice, judicial economy and ends of justice; to decree his convictions are constitutionally invalid and is entitled to have his arrest, convictions, sentences and all the effects steaming from them completely expunged from all records. Having all records turned over to Anderson.

Respondent did not deny that petitioner is entitled to compensation for the criminal kidnapping of him under 28 U.S.C. § 2243 and it conferes on federal courts with the descretion to dispose of habeas corpus matters and tailor remedies "as law and justice require."

~~He did not dispute compensation of $100 Thousand Dollars per day~~ was

justified, to prove to be just, right, nor unreasonable, under the exceptional circumstances nor amount of remuneration, tax fee, with no deduction for taxes or attorney fees.

Article [v] "No person shall...be deprived of life, liberty, or due process of law...**without just compensation.**

In Oklahoma, Avin McGee, Jr. received a jury award of $1 million per year for each year he spent in prison plus $500,000 for his wrongful conviction. Like McGee, petitioner was convicted of crime he did not commit.

This Honorable Court in the interest of protecting the peoples' rights, our National Constitution and the limited resources of the judicial system should order all records sent to this court and rule on all matters itself and order appropriate relief. Miscarriage of justice has occurred by federal judiciary's practice of holding up procedure over justice, of speed and efficiency over fairness, due process and truth and justice.

28 § 2249. Certified copies of indictment, plea and judgment; duty of respondent. Respondent in Cause No. 05-1310, United States District Court for the Central District of Illinois failed to provide documents required. **NO RETURN CERTIFYING TRUE CAUSE OF DETENTION. §2243.**

And this Honorable Court should order any other relief as is deemed fair, just and proper, just and equitable, if there be at law, to end the perpetual suffering and prejudice this Petitioner has endured all these decades, which has left his image and visage mangled by criminals, least Anderson suffer irreparable injury.

Each day Anderson is kept in prison, court is blocking campaign ~~for the Presidency of the United States.~~ To be established in this land is a free people by the power of God, with due process of law.

New Era of Freedom call life, liberty and justice for all under God.

A district court has jurisdiction over a habeas petition only if it has jurisdiction over a petitioner's custodianship. 28 U.S.C.A. § 2241(c). Petitioner cannot file where he is being held in custody because he does not have $2,100 extortion fee to be paid to corrupt judges of the Seventh Circuit. Alberto Gonzales, United States Attorney General, and Harley G. Lappin, Director, Federal Bureau of Prisons, as a matter of fact, are petitioner's true custodians. Transfering habeas proceedings back to the Seventh Circuit would only further petitioner kidnapping and slavery. This constitutional court can conduct proceedings from the District of Columbia by mail or conduct proceeding itself by moving to another location.

Title 28 § 2243. A court, justice or judge entertaining a application for a writ of habeas corpus shall forthwith award writ. As documents demonstrate no return certifying true cause of detention is possible. Order U.S. Marshals to remove Anderson from prison.

CONCLUSION

The foregoing demonstrates I, Don Benny Anderson, am factually and actually innocent of all charges. This United States District Court For The District of Columbia, pursuant to the Constitution for the United States of America, Congressional authority and the powers of this court, should grant all relief possible immediately.

Dated this 9th of July 2007. Sustain Constitution and laws of the land. Supreme Court Justice maybe destiny.

District court must resolve all claims for relief raised in petition for writ of habeas corpus whether habeas relief is granted or denied. 28 U.S.C.A. § 2254.

Respectfully Submitted,

Don B. Anderson

Don Benny Anderson #06260-026
Federal Correctional Institution
~~P.O. Box 5000~~
Pekin, Illinois.

TITLE 18 § 1621 UNSWORN DECLARATIONS, EVIDENCE

**UNSWORN AFFIDAVIT/DECLARATIONS UNDER THE PENALTY OF PERJURY**

**PURSUANT TO TITLE 28 U.S.C. § 1746**

1. My name is DON BENNY ANDERSON. I am sixty-six (66) years of age, having being born in December 19, 1940, in Springfield, Illinois;
2. I am of sound mind and fully competent to make this Affidavit/ Declarations under the penalty of perjury;
3. This Affidavit/Declarations must stand for Truth, unless challenged point-for-point by an opposing Affidavit/Declarations drawn under the same terms and conditions as this instrument;
4. This Affidavit/Declarations will stand as Truth, and fact before the United States District Court, District of Columbia, in this writ of habeas corpus;
5. This Affidavit/Declaration is made on personal knowledge and set forth facts that are admissible as evidence;
6. Anderson declares the source of information relied on is unaltered court tape recordings and perfect transcripts made from them, without omissions or inaudible portions from the following courts to reveal that he was illegally and unconstitutionally convicted and sentence by courts that acted in the complete absence of all jurisdiction to execute sentence upon him; and totality of all federal and state agencies records and agents information concerning the following cases: **[US Parole Commission informed of actual innocence.]**
   1) 194th Judicial District Court of Dallas County, Dallas, Texas, Cause No. F78-483NM;
   2) 284th Judicial District Court of Harris County, Houston, Texas Cause No. 315053;

3) United States District Court for the Southern District of Illinois, Cause No. 82-CR-50031;

4) Circuit Court - Pinellas County, Clearwater, Florida, Cause No. CRC 83-02708CFANO;

5) United States District Court for the Eastern District of Virginia, Cause No. 83-00159-A;

7. Anderson never heard or saw nor has knowledge of any evidence presented in any court by any prosecutor proving he committed the fabricated charges as alleged in the charging instruments and knows that none ever existed and cannot be produced;

8. Anderson was constructively without counsel at trial and on appeal;

9. Court proceedings were fundamentally unfair;

10. All courts listed at 6 acted in the complete absence of all jurisdiction and sentenced Anderson;

11. The judgments of the above listed courts are legally and constitutionally null and void for Want of Jurisdiction;

12. Anderson is factually and actually innocent of all crimes charged in federal and state charging instruments;

13. The Supreme Court has decreed that the Fifth and Fourteenth Amendments requires that the government prove beyond a reasonable doubt every fact that constitutes the offense charged;

14. Federal and state prosecutors prosecuted Anderson knowing that they could not prove beyond a reasonable doubt every fact that constitutes the fictional offenses charged;

15. Anderson was brought up on bogus charges before controlled grand juries, which were dupes and rubber stamps for lying prosecutors;

16. Anderson was coerced into having incompetent counsel represent him in lawless federal and state courts;

17. Anderson gave notice to all federal and state courts that he was going to represent himself; yet this right was abridged from him;

18. The judgment of the above listed courts at 6 are legally and constitutionally null and void for judges lacked jurisdiction;

19. No federal or state prosecutor can give Anderson full discovery of all federal and state records because nationwide conspirators will not expose a national conspiracy to frame him on bogus offenses;

20. No evidentiary hearing can be held with any prosecutor presenting proof beyond a reasonable doubt every fact that constitutes the offense charged;

21. Anderson was convicted for non-offenses and illegally sentenced and imprisoned;

22. Respondent in Case No. 05-1310, United States District Court for the Central District of Illinois, failed to provide evidence from government files prior to Anderson's arrest that meet the "constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970);

23. Respondent failed to provide unaltered court tape recordings and perfect transcripts made from them from any court.

24. Respondent failed to provide records. "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury * * * ;

25. Respondent failed to present record. Congress has mandated that legal sentences conform with 18 U.S.C.A. Rule 6. The Grand Jury: (b) (2) "The court must not dismiss the indicment on the ground that a grand juror was not legally qualified if the record show that at least 12 qualified jurors concurred in the indictment...(c)...the foreperson will record the number of jurors concurring in every indictment and will file the record with the clerk." All judges refused to provide this document;

26. Respondent failed to provide records. "No person...shall be compelled in any criminal case to be a witness against himself."

27. Court sentence are void; rendered without jurisdiction;

28. Don Benny Anderson is constitutionally, statutorialy, legally, factually and actually innocent of all federal and state charges as alleged in the charging instruments;

29. Don Benny Anderson relies on our nation's inspired Trump Card: **WE THE PEOPLE** of the United States...Constitution for the United States of America [Preamble].

30. The penalty for perjury is five (5) years;

31. Truth is Sovereign in Law;

**FURTHER DON BENNY ANDERSON SAYETH NAUGHT.**

Signed under Title 28 U.S.C. § 1746 on this 9th day of July 2007.

Don B. Anderson
Don Benny Anderson #06260-026

CERTIFICATE OF SERVICE

I, Don Benny Anderson, do swear or declare that on this date, July 9th, 2007, I have served the enclosed MOTION FOR APPLICATION FOR ISSUANCE OF WRIT OF HABEAS CORPUS ORDER DISCHARGING PETITIONER AND RELIEF FROM PENALTIES RESULTING FROM CONVICTIONS and TITLE 18 § 1621 UNSWORN DECLARATIONS, EVIDENCE **UNSWORN AFFIDAVIT/DECLARATIONS UNDER THE PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746** on the following parties to this proceeding, by depositing an envelope containing the above document in the United States mail properly addressed and with first-class postage prepaid.

The name and address of parties served are as follows:

U.S. Attorney:
Kenneth L. Wainstein
5806 Judiciary Center Bldg.
555 4th St. N.W.
Washington, DC 20001

Clerk:
Nancy Mayer-Whittington
E. Barrett Prettyman U.S. CtHse
333 Constitution Ave. N.W.
Washington, DC 20001-2802

Attorney General:
Alberto Gonzales
950 Pennsylvania Ave NW Rm 4400
Washington, DC 20530

Director:
Harley G. Lappin
Federal Bureau of Prisons
320 First Street N.W.
Washington, D.C. 20534

Signed pursuant to Title 28 U.S.C. § 1746.

Don B. Anderson
Don Benny Anderson #06260-026
~~Federal Correctional Institution~~
P.O. Box 5000
Pekin, Illinois 61555

FILED

NOV 29 1982

A. MARVIN HELART
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DON BENNY ANDERSON,
MATTHEW M. MOORE and
WAYNE A. MOORE,

Defendants.

CRIMINAL NO. 82-50031

Title 18
Sections 1951 and 2
United States Code

THE GRAND JURY CHARGES:

COUNT I

1. At all times mentioned herein, the Hope Clinic for Women, Ltd., was an Illinois Corporation engaged in business at Granite City, Illinois.

2. At all times mentioned herein, the Hope Clinic for Women, Ltd., an Illinois Corporation, was engaged in interstate commerce, its activities affected interstate commerce and it purchased and used articles and commodities which moved in interstate commerce from States outside the State of Illinois to the Hope Clinic for Women, Ltd., an Illinois Corporation, at Granite City, Illinois, and from the Hope Clinic for Women, Ltd., an Illinois Corporation, at Granite City, Illinois to States outside the State of Illinois.

3. At all times mentioned herein, Dr. Hector Zevallos was an officer of the Hope Clinic for Women, Ltd., an Illinois Corporation, at Granite City, Illinois.

4. On or about August 12, 1982, in Madison County, in the Southern District of Illinois, DON BENNY ANDERSON, MATTHEW M. MOORE and





WAYNE A. MOORE, defendants herein did willfully and knowingly attempt to obstruct, delay and affect commerce and the movement of articles and commodities in commerce from manufacturers and producers outside the State of Illinois for use in the business of the Hope Clinic for Women, Ltd. an Illinois Corporation, by extortion; that is to say, DON BENNY ANDERSON, MATTHEW M. MOORE and WAYNE A. MOORE did attempt to obtain the property of another, namely the business of the Hope Clinic for Women, Ltd., an Illinois Corporation, from Dr. Hector Zevallos, with his consent induced by the wrongful use of actual and threatened force, violence and fear directed toward Dr. Hector Zevallos and Mrs. Rosalie Jean Zevallos, to coerce Dr. Hector Zevallos to permanently cease the operation of the Hope Clinic for Women, Ltd., an Illinois Corporation; all in violation of Title 18, United States Code, Sections 1951 and 2.

COUNT II

1. At all times mentioned herein, the Hope Clinic for Women, Ltd., was an Illinois Corporation engaged in business at Granite City, Illinois.

2. At all times mentioned herein, the Hope Clinic for Women, Ltd., an Illinois Corporation, was engaged in interstate commerce, its activities affected interstate commerce and it purchased and used articles and commodities which moved in interstate commerce from States outside the State of Illinois to the Hope Clinic for Women, Ltd., an Illinois Corporation, at Granite City, Illinois, and from the Hope Clinic for Women, Ltd., an Illinois Corporation, at Granite City, Illinois to States outside the State of Illinois.

3. At all times mentioned herein, Dr. Hector Zevallos was an officer of the Hope Clinic for Women, Ltd., an Illinois Corporation, at Granite City, Illinois.



Exhibit A

4. From on or about August 12, 1982 and continuously thereafter, up to and including about August 20, 1982, in Madison County, in the Southern District of Illinois, and elsewhere, DON BENNY ANDERSON, MATTHEW M. MOORE and WAYNE A. MOORE, defendants herein, did willfully and knowingly combine, conspire confederate and agree together, with each other, to obstruct, delay and affect commerce and the movement of articles and commodities in commerce, by extortion, by obtaining the property of another, namely the business of the Hope Clinic for Women, Ltd., an Illinois Corporation, from Dr. Hector Zevallos, with his consent, induced by the wrongful use of actual and threatened force, violence and fear directed toward Dr. Hector Zevallos and Mrs. Rosalie Jean Zevallos, to coerce Dr. Hector Zevallos to permanently cease the operation of the Hope Clinic for Women, Ltd., an Illinois Corporation; and, in furtherance of said conspiracy and to effect the objects thereof, the following overt acts, among others, were committed:

OVERT ACTS

1. On August 12, 1982, DON BENNY ANDERSON, MATTHEW M. MOORE and WAYNE A. MOORE appeared at the residence of Dr. and Mrs. Hector Zevallos, near Edwardsville, Madison County, Illinois.

2. On August 12, 1982, Mrs. Zevallos was abducted at gunpoint from her residence in Madison County, Illinois by MATTHEW M. MOORE and DON BENNY ANDERSON.

3. On August 12, 1982, one of the abductors stated to Dr. Zevallos that they wanted a quick $200,000 to $300,000.

4. On August 12, 1982, the Zevallos' were transported from within Madison County, Illinois, to Sangamon County, Illinois.

5. On August 13, 1982, Dr. Zevallos was told if he did not make a tape recorded message as directed by MATTHEW M. MOORE that his captors would kill him.



Exhibit A

**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Don Benny ANDERSON, Defendant-Appellant.**

**No. 83–1276.**

United States Court of Appeals, Seventh Circuit.

Argued May 25, 1983.

Decided Aug. 30, 1983.

Defendant was convicted in the United States District Court for the Southern District of Illinois, William L. Beatty, J., of two counts of violating statute prohibiting interference with commerce by threats or violence in connection with his abortion protest-related abduction of doctor and his wife, and defendant appealed. The Court of Appeals, Harlington Wood, Jr., Circuit Judge, held that: (1) trial court's refusal to give defendant's proffered instruction that jury was not to concern themselves with question of whether defendant was guilty of kidnapping or stealing was not abuse of discretion; (2) even if trial court erred in refusing to give defendants proffered instruction, error did not result in prejudice to defendant; (3) trial court's refusal to permit defendant to alternate conduct of his defense with his attorney did not infringe upon defendant's Sixth Amendment right to self-representation; and (4) evidence was sufficient to support verdict.

Affirmed.

**1. Criminal Law ⇐829(13)**

Federal rule of evidence which states that when evidence which is admissible for one purpose but not for another purpose is admitted, court, upon request, shall restrict evidence to its proper scope and instruct jury accordingly does not require that every cautionary instruction proffered by defendant be actually given, specially where adequate protection is afforded by other portions of charge. 18 U.S.C.A. § 1951.

**2. Criminal Law ⇐829(13)**

Where instruction actually given fully focused jury's attention on sole issue in case of whether there was evidence beyond reasonable doubt that defendant attempted or conspired to obstruct commerce by extortion, and proffered instruction was not only superfluous, but potentially confusing, trial court did not abuse its discretion in refusing defendant's instruction. 18 U.S.C.A. § 1951.

**3. Criminal Law ⇐1173.2(2)**

Where violation of statute prohibiting interference with commerce by threats or violence, and not elements of kidnapping, was focus of defendant's prosecution, Government, as well as trial court and defendant, sedulously avoided use of term "kidnapping" to describe events, preferring term "abduction," and cross-examination focused extensively on actual threats independent of kidnapping itself, any error in trial court's refusal to give defendant's instruction that jury was not to concern themselves with question of whether defendant was guilty of kidnapping or stealing was not prejudicial. 18 U.S.C.A. § 1951.

**4. Criminal Law ⇐641.10(3)**

Court Fraud See Page 30

Where defendant considered his attorney "very effective," and was able to confer repeatedly with his attorney during course of trial for violation of statute prohibiting interference with commerce by threats or violence, trial court's refusal to permit defendant to alternate conduct of his defense with his attorney did not deny defendant his Sixth Amendment right to represent himself. U.S.C.A. Const.Amend. 6; 18 U.S.C.A. § 1951.

**5. Criminal Law ⇐768(1)**

While community conscience verdict is to be accepted as natural and at times desirable aberration under our system, it is not to be positively sanctioned by instructions which would encourage jury to acquit under any circumstances regardless of applicable law or proven facts.

**6. Extortion and 1**

Evidence in de violation of statut with commerce b connection with hi abduction of docto evidence that clin ticed was involved and that victims less doctor could c sincerity in promi abortions, doctor killed, was suffici 18 U.S.C.A. § 195

Wayne T. Knight, Stokes, S Charles, Ill., for d

Frederick J. He St. Louis, Ill., for

Before WOOD Judges, and W Judge.*

HARLINGTON Judge.

Defendant-appe son appeals his co violating the Hob in connection wit lated abduction o wife, arguing tha in denying defe ment of acquitta cient evidence; t rights were infrir to permit defend ternate in conduc the court erred i fered jury instru

Dr. Hector Zev Zevallos, live in Zevallos practice TriCity Obstetric

* The Honorable I Judge for the Sou

Exhibit B

given fully
e issue in case
ce beyond rea-
; attempted or
erce by extor-
n was not only
confusing, trial
ion in refusing
18 U.S.C.A.

)

ute prohibiting
by threats or
of kidnapping,
prosecution,
court and de-
use of term
nts, preferring
ss-examination
l threats inde-
f, any error in
defendant's in-
ot to concern
f whether de-
pping or steal-
18 U.S.C.A.

)

lered his attor-
s able to confer
during course
ute prohibiting
by threats or
l to permit de-
of his defense
leny defendant
t to represent
end. 6; 18 U.S.

ience verdict is
nd at times de-
r system, it is
ned by instruc-
e jury to acquit
gardless of ap-

**6. Extortion and Threats ⟹32**

Evidence in defendant's prosecution for violation of statute governing interference with commerce by threats or violence in connection with his abortion protest-related abduction of doctor and his wife, including evidence that clinic in which doctor practiced was involved in interstate commerce, and that victims were threatened that unless doctor could convince defendant of his sincerity in promising to cease performing abortions, doctor and his wife would be killed, was sufficient to support conviction. 18 U.S.C.A. § 1951.

---

Wayne T. Schoenberg, Hannegan, Knight, Stokes, Schoenberg & Weber, St. Charles, Ill., for defendant-appellant.

Frederick J. Hess, Asst. U.S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before WOOD and CUDAHY, Circuit Judges, and WYATT, Senior District Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

Defendant-appellant Don Benny Anderson appeals his conviction of two counts of violating the Hobbs Act, 18 U.S.C. § 1951, in connection with his abortion protest-related abduction of an Illinois doctor and his wife, arguing that the district court erred in denying defendant's motion for judgment of acquittal on the basis of insufficient evidence; that his Sixth Amendment rights were infringed by the court's refusal to permit defendant and his counsel to alternate in conducting his defense; and that the court erred in denying two of his proffered jury instructions. We affirm.

## I.

Dr. Hector Zevallos and his wife, Rosalie Zevallos, live in Edwardsville, Illinois. Dr. Zevallos practices medicine both at the TriCity Obstetrics Center and at the Hope Clinic for Women, both located in Granite City, Illinois; the latter facility renders medical services, including abortions. Patients travelled from other states to Illinois for treatment at the Hope Clinic, and the clinic purchased and had shipped to it products from medical and office supply companies located outside of the state.

On the evening of August 12, 1982, defendant and two other men forcibly abducted Dr. Zevallos and his wife from their home at gunpoint, having gained entrance to their home on the pretense of responding to a real estate advertisement. Dr. Zevallos was told initially by the men that they sought only money, and indeed defendant and his assistants did take over three hundred dollars from the couple. The victims were handcuffed, blindfolded and driven to a remote and isolated bunker near Illiopolis, Illinois, where they were held captive in spartan conditions for eight days. During the first two days of captivity, the abductors spoke only of the victims' money and how it could be obtained. [But shortly thereafter, defendant told Dr. Zevallos that he and his helpers were members of the Army of God, an anti-abortion group, and that Dr. Zevallos had been abducted because of his connection with the Hope Clinic. Defendant asked Dr. Zevallos to tape a message to President Reagan requesting legislation banning abortion. When Dr. Zevallos refused to cooperate and was in turn told that he would be executed if he failed to do so, Dr. Zevallos made the tape.] *

Dr. and Mrs. Zevallos both testified that during the entire period of their captivity, they constantly feared death at the hands of their captors. Toward the end of the abduction, one of the defendant's helpers told the victims that he would have to kill them, and on the last day, the victims were taken outside the bunker, where Mrs. Zevallos relayed to her husband the helper's earlier statement that he would have to kill them if Dr. Zevallos did not agree to cease performing abortions. She asked her hus-

* The Honorable Inzer B. Wyatt, Senior District Judge for the Southern District of New York, is sitting by designation.

*Government and counsel withheld information from FBI reports with the Zevalloses that Matthew Moore did the above. Perjury in court. Also kept 26 secret from jury tape where codefendants stated Anderson was not involved.

Exhibit B

band to so stipulate, a request to which he assented; his captor's response was to express relief that they need not be executed after all, but to caution that the doctor would have to convince defendant of his sincerity to be sure that his life would be spared. Dr. Zevallos repeated his affirmation to defendant.

In the course of transporting the victims by car from the bunker, defendant stopped suddenly and demanded that Dr. Zevallos close the Hope Clinic immediately. When Dr. Zevallos equivocated, defendant threatened to take the victims back to the bunker, a threat which led Dr. Zevallos to believe he would be killed at that moment. However, defendant continued to drive and released the victims along a highway near their home.

After a jury trial, defendant was convicted under 18 U.S.C. § 1951 of conspiracy and attempt to obstruct, delay and affect interstate commerce (*i.e.*, that commerce connected with all or some of the Hope Clinic's business) through extortionate means, and was sentenced to a total of thirty years incarceration. From that judgment, defendant appeals.

## II.

### A. *The Proposed Limiting Instruction*

At the close of the evidence, the jury was instructed, in accordance with the Seventh Circuit Federal Court Pattern Jury Instructions § 2.02, as follows:

> The defendant is charged with the crimes of attempting to obstruct commerce by extortion and conspiring to obstruct commerce by extortion. The defendant has denied that he is guilty of the charges.

Defendant now protests that the trial court erred in refusing to submit to the jury his proffered instruction which stated,

> The Defendant is charged only with the crimes of attempting to obstruct commerce by extortion and conspiracy to obstruct commerce by extortion.
>
> The Government has attempted to show that Dr. and Mrs. Zevallos were kidnapped and that while they were being held money was taken from them.
>
> You are not to concern yourself with the question of whether the Defendant in this case is guilty of kidnapping or stealing. Those questions are not issues in this case.

Defendant points to Fed.R.Evid. 105 which states,

> When evidence which is admissible ... for one purpose but not admissible ... for another purpose is admitted, the Court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.

Although conceding that the evidence here of kidnapping and robbery was properly admitted under Fed.R.Evid. 403, defendant argues that the district court erred in not tendering to the jury defendant's proposed caveats as to the limited permissible use of such evidence, which overlapped with evidence of the crime actually charged.

[1, 2] Rule 105, however, does not require that every cautionary instruction proffered by the defendant be actually given. Weinstein & Berger, 1 *Evidence* 105[5] at 105–34. This is so especially where adequate protection is afforded by other portions of the charge. *United States v. Cina*, 699 F.2d 853, 863–64 (7th Cir.1983). Here, the instruction actually given fully focused the jury's attention on the sole issue in the case: whether there was evidence beyond a reasonable doubt that the defendant attempted or conspired to obstruct commerce by extortion. Accordingly, a list of crimes with which defendant was not charged would be superfluous. But refusal of the instruction was an especially felicitous exercise of the trial court's discretion here as, in its proffered form, the instruction was not only superfluous, but potentially confusing as well. It first states that the government "attempted to show that [the victims] were kidnapped ...," but that statement could easily have misled a juror into erroneously believing that the government attempted to prove a separate case of federal kidnapping. The instruction is further potentially misleading in its admonition that the jury is

not to concern i
whether the Def
of kidnapping . .
issues in this cas
conversely have
the jury that th
duction, even a
Zevallos' future
in the case. In
tion added little
contained great
der such circum
fused.

[3] Moreove
error to refuse
the record esta
would have res
defendant. Th
clear that the I
ments of kidna
case throughout
case by eliciting
the interstate
Clinic; through
as the trial cou
lously avoided t
ping" to descri
term "abductio
tion focused
threats indepe
self. Thus, ev
actual instruct
of semantics,
clarified the p
dence.

B. *Particip*

[4] The def
Sixth Amendn
self was infrin
al to permit hi
defense with h
fendant sough
tion of the Z
bulk of the re
his attorney.
Supreme Cou
right to couns
sentation are
guarantees u
*Gannett Co.*



Exhibit B

ey were be-
from them.
yourself with
the Defendant in
napping or steal-
re not issues in

.Evid. 105 which

is admissible . . .
t admissible . . .
s admitted, the
l restrict the evi-
and instruct the

he evidence here
ry was properly
i. 403, defendant
urt erred in not
ndant's proposed
ermissible use of
lapped with evi-
y charged.

er, does not re-
nary instruction
t be actually giv-
l *Evidence* 105[5]
cially where ade-
ed by other por-
*d States v. Cina,*
Cir.1983). Here,
ven fully focused
sole issue in the
vidence beyond a
e defendant at-
struct commerce
, a list of crimes
as not charged
it refusal of the
ly felicitous exer-
retion here as, in
truction was not
ntially confusing
t the government
the victims] were
statement could
into erroneously
ent attempted to
deral kidnapping.
potentially mis-
that the jury is

not to concern itself "with the question of whether the Defendant in this case is guilty of kidnapping. . . . Those questions are not issues in this case . . .;" such language may conversely have erroneously suggested to the jury that the occurrence of violent abduction, even as a means of coercing Dr. Zevallos' future activities, was not an issue in the case. In short, the proffered instruction added little to the existing charge and contained great potential for mischief. Under such circumstances, it was properly refused.

[3] Moreover, even if it were somehow error to refuse this instruction, we think the record establishes that such an error would have resulted in no prejudice to the defendant. The events of the trial make clear that the Hobbs Act, and not the elements of kidnapping, was the focus of the case throughout: the government began its case by eliciting from its first two witnesses the interstate commerce ties of the Hope Clinic; throughout, the government, as well as the trial court and the defendant, sedulously avoided the use of the term "kidnapping" to describe the events, preferring the term "abduction;" and the cross-examination focused extensively on the actual threats independent of the kidnapping itself. Thus, even if we were to find the actual instructions inadequate as a matter of semantics, in context they adequately clarified the permissible uses of the evidence.

B. *Participation in Cross-Examination*

[4] The defendant next argues that his Sixth Amendment right to represent himself was infringed by the trial court's refusal to permit him to alternate conduct of his defense with his attorney; specifically, defendant sought to conduct cross-examination of the Zevalloses, while leaving the bulk of the remainder of the proceedings to his attorney. However, in line with the Supreme Court's determination that the right to counsel and the right to self-representation are separate and independent guarantees under the Sixth Amendment, *Gannett Co. v. Depasquale,* 443 U.S. 368, 417–18, 99 S.Ct. 2898, 2924–25, 61 L.Ed.2d 608 (1978); *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975), this court has squarely held that such "hybrid" representation as defendant proposed here is not an option secured by the Sixth Amendment. *United States v. Trapnell,* 638 F.2d 1016, 1026–27 (7th Cir. 1980). But in any event in these circumstances, where defendant considered his attorney "very effective" and, the record discloses, was able to confer repeatedly with his attorney in the course of the trial, we decline to overrule our previous holding in *Trapnell.*

C. *The Nullification Instruction*

The defendant contends that the trial court erred in refusing his proffered instruction which read,

> The jury has the power to decide, according to its own judgment and conscience, all questions of law and fact involved in the issue of guilty or not guilty.
>
> Juries may apply matter [sic] of fact and law together, and form their consideration of, and right judgment upon, both.
>
> Jurors may not be punished for voting for acquittal under any circumstances.

Such an instruction was warranted, defendant argues, in order to advise the jury of its right to acquit as the "community conscience" in a case involving potentially highly politicized events. Citing *United States v. Dougherty,* 473 F.2d 1113 (D.C.Cir. 1972), the defendant urges that "[t]he power of a jury to pronounce a nullification of a proceeding before it is more than a power; it is a right. Like other rights, it becomes meaninglessly diluted when its holder is unaware of his or her authority."

[5] This pronouncement, however, does not accurately state the law. A learned discussion by Judge Leventhal of the historical origins and evolution of the "community conscience" or nullification verdict in Anglo-American jurisprudence is contained in *Dougherty,* 473 F.2d at 1130–37. That discussion concludes with the accepted view that, while the "community conscience" ver-

dict is to be accepted as a natural and at times desirable aberration under our system, it is not to be positively sanctioned by instructions, such as defendant's, which would encourage a jury to acquit "under any circumstances" regardless of the applicable law or proven facts. 473 F.2d at 1137. We agree with Judge Levanthal's capsulization of the necessary historical tension which is not to be collapsed by explicit nullification instructions:

> This requirement of independent jury conception confines the happening of the lawless jury to the occasional instance that does not violate, and viewed as an exception may even enhance, the over-all normative effect of the rule of law. An explicit instruction to a jury conveys an implied approval that runs the risk of degrading the legal strictures requisite for true freedom, for an ordered liberty that protects against anarchy as well as tyranny.... The jury system provides flexibility for the consideration of interests of justice outside the formal rules of law. This embraces whatever extra the defendant conveys by personal representation, whether through demeanor or sincerity of justification. But it is subject to the overriding consideration that what is tolerable or even desirable as an informal, self-initiated exception, harbors grave dangers to the system if it is opened to expansion and intensification through incorporation in the judge's instructions.

*Id.* *Dougherty,* then, states the prevailing view that tacit toleration of jury verdicts of innocence, in apparent contradiction to clear proof of guilt, affords adequate protection to the "conscience" function of the jury, and that explicit instructions sanctioning such action pose too great a threat to the rule of law. *Accord, United States v. Simpson,* 460 F.2d 515, 519–20 (9th Cir. 1972). In urging reversal on the basis of his refused nullification instruction, defendant would have us upset a carefully and painstakingly developed jurisprudential balance in this delicate and potentially explosive area. We decline to do so.

D. *Sufficient Evidence*

Defendant finally argues that the district court erred in refusing his motion for acquittal at the close of the evidence. He contends that the evidence adduced at trial supported, at most, a finding of threats directed towards the making of the tape, but not towards the obstruction of interstate commerce, *i.e.,* the cessation of abortion-related activities at the Hope Clinic. We cannot agree.

[6] At the very least, the evidence showed that, at two points in the abduction, defendant's threats had an intended potential impact on interstate commerce. The first such incident was the defendant's threat, conveyed and attributable to him through one of his coconspirators, that unless Dr. Zevallos could convince defendant of his sincerity in promising to cease performing abortions, he and his wife would be killed. The second incident occurred in the course of the couple's deliverance from the bunker, when defendant abruptly stopped the car and demanded that Dr. Zevallos close the Hope Clinic. This demand was backed up by a threat to return to the bunker, a threat which quite obviously implied the continuation of the previous week's humiliation, violent restraint, and threats of death. No clearer relationship between the threats and the interstate commerce-related results sought by the defendant could be imagined.

For the foregoing reasons, defendant's convictions of attempt and conspiracy under 18 U.S.C. § 1951 are

AFFIRMED.




UNITED S
Plai

JS & A GR
Sugarman, I

United Sta
Se

Argue
Decide

United Stat
penalties and pe
alleged violation
mail-order me
Court, Bernard
fendants' motion
and leave to a
Court of Appea
sitting by design
provision in Ma
Federal Trade
civil action to re
violation of any
"Act" referred
sion Act as am
Act, and thus C
action to recove
of rule adopted p
dures in Magnu
sion to follow in
nuson-Moss Act
preserving validi
its effective date
seek permanent
ministrative adj
not pending.

Affirmed.

**1. Trade Regula**

Federal Tra
ty to promulgate
merchandise. F
Act, § 6(g), a
§ 46(g).

Exhibit B

DEFENDANT — DONALD BURTY ANDERSON — DOCKET NO.

# JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government the defendant appeared in person on this date — MONTH DAY YR: February 10, 1983

COUNSEL

[ ] WITHOUT COUNSEL — However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.

[X] WITH COUNSEL — Wayne T. Schoeneberg (Name of Counsel)

PLEA

[ ] GUILTY, and the court being satisfied that there is a factual basis for the plea. [ ] NOLO CONTENDERE. [X] NOT GUILTY

FINDING & JUDGMENT

There being a finding/verdict of [ ] NOT GUILTY. Defendant is discharged [X] GUILTY

Defendant has been convicted as charged of the offense(s) of Interference with commerce by threats or violence and Aiding and Abetting in violation of 18 United States Code, Sections 1951 and 2, as charged in Counts 1 & 2 of the Indictment.

SENTENCE OR PROBATION ORDER

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

COUNT 1:

Eighteen (18) years, pursuant to 18 U.S.C., 4205(a).

COUNT 2:

Twelve (12) years, pursuant to 18 U.S.C., 4205(a).

Said sentence in Count 2 is to run consecutively to the sentence in Count 1.

SPECIAL CONDITIONS OF PROBATION

FILED

FEB 10 1983

A. MARVIN HELART
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
ALTON OFFICE

ADDITIONAL CONDITIONS OF PROBATION

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

COMMITMENT RECOMMENDATION

The court orders commitment to the custody of the Attorney General and recommends,

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.



EXHIBIT D

SIGNED BY
[X] U.S. District Judge
[ ] U.S. Magistrate

[signature] William L. Beatty

February 10, 1983

dated November 30, 1981, March 10, 1982, April 6, 1982, May 29, 1982, June 12, 1982, July 31, 1982 and August 13, 1982.

(Violation of Title 18, United States Code, Section 371).

A TRUE BILL:

FOREMAN

ELSIE L. MUNSELL
UNITED STATES ATTORNEY

Kenneth E. Melson
Assistant United States Attorney

ALEXANDRIA DIVISION

DON BENNY ANDERSON

DOCKET NO. CR 83-00159-A

# JUDGMENT AND PROBATION/COMMITMENT ORDER

AO 245 (9)

| MONTH | DAY | YR |
|---|---|---|
| 03 | 22 | 8 |

In the presence of the attorney for the government the defendant appeared in person on this date

**COUNSEL**

WITHOUT COUNSEL However the court advised defendant of right to counsel and asked whether defendant desired to counsel appointed by the court and the defendant thereupon waived assistance of counsel.

[XX] WITH COUNSEL John A. Field, III, Esq. (Name of Counsel)

**PLEA**

[XX] GUILTY, and the court being satisfied that there is a factual basis for the plea,

NOLO CONTENDERE, NOT GUILTY

**FINDING & JUDGMENT**

There being a finding/verdict of

NOT GUILTY. Defendant is discharged

[XX] GUILTY.

Defendant has been convicted as charged of the offense(s) of T.18 USC 1952-Interstate transport to commit arson - Count 1
T.18 USC 844(i)-Damaging building by explosion - Count 2
T.18 USC 371-Conspiracy- Count 6

**SENTENCE OR PROBATION ORDER**

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of five (5) years on Counts 1 and 2 and two (2) years on Count 6. Sentences imposed on each count pursuant to Title 18 USC 4205(b)(2). Sentences shall run consecutively with each other and with sentence now being served.

**SPECIAL CONDITIONS OF PROBATION**

**ADDITIONAL CONDITIONS OF PROBATION**

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

**COMMITMENT RECOMMENDATION**

The court orders commitment to the custody of the Attorney General and recommends,

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.

CERTIFIED AS A TRUE COPY ON

THIS DATE 3-22-84

BY [signature]

( ) CLERK
( ) DEPUTY

SIGNED BY

[XX] U.S. District Judge

U.S. Magistrate

[signature]

**Copy Form Sealed Presentence Report**

C. To unlawfully and knowingly make firearms including explosive bombs, without paying the making tax as required by Section 5821, Title 26, USC, and without filing a written application form with the Secretary of Treasury or his delegate as required by Section 5822, Title 26, USC, in violation of Title 26, Sections 5861(f) and 5871.

3. It was a part of said conspiracy that the defendant and the unindicted co-conspirators would and did form an organization known as the "Army of God" to promote anti-abortionist ideas, to denounce abortionists, and to interfere by force, violence and intimidation, the operation of abortion clinics throughout the United States.

4. It was a further part of said conspiracy that the defendant and unindicted co-conspirators would and did make explosive bombs for purposes of destroying buildings and personal property used in performing abortions and to otherwise interfere with the performance of abortions.

5. It was a further part of said conspiracy that the defendant and unindicted co-conspirators would and did possess explosive bombs to be used to destroy buildings and personal property used in performing abortions or to otherwise interfere with the performance of abortions.

6. It was a further part of said conspiracy that the defendant and the unindicted co-conspirators would and did destroy buildings and personal property being used in connection with abortions, which were used in interstate commerce and in activities affecting interstate commerce.

7. It was a further part of said conspiracy that the defendant and the unindicted co-conspirators would and did travel in interstate commerce to commit arson in violation of the laws of the states in which the arson occurred and in violation of the laws of the United States.

8. It was a further part of said conspiracy that the defendant and the unindicted co-conspirators would and did compose, write and disseminate documents containing the beliefs, views and acts of the defendant, the unindicted co-conspirators and the "Army of God", which document, in its various forms, was called and referred to as the "Epistles."

Prosecution's Version. Information contained in the U.S. Attorney's file indicated that had this case gone to trial, they would have shown that the defendant was affiliated with an organization called the "Army of God." This organization was organized sometime in November of 1981, to promote the anti-abortion movement and to interfere with activities of abortion clinics throughout the United States. In the furtherance of those goals, Mr. Anderson,

COPIES TO FBI AGENTS

Before Kidnapping Conspirators And/Or Aiders And Abettors

Judges: William J. Bauer, Joel M. Flaum, Diane P. Wood

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,
PLAINTIFF-APPELLEE,

No. 94-2236 v.

DON B. ANDERSON
DEFENDANT-APPELLANT.

] Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division.

] No. 82 CR 50031

Motion To Reconsider Your Denial Of "MOTION TO RECALL THE MANDATE" To Stop The Political Kidnapping Of Don Benny Anderson - So He Can Seek The Republican Nomination For The Office Of President Of The United States Of America - To Restore The Constitutional Republican Form Of Government Our Forefathers And True Americans Have Bleed And Died For - Which Has Illegally And Unconstitutionally Been Made Into A Imperial Socialist Democracy Destorying Life, Liberty And Justice!

INTRODUCTION




35

RIF