UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Don Benny Anderson,<br><br>    Petitioner,<br><br>    v.<br><br>Alberto Gonzales, *et al.*,<br><br>    Respondents. | Civil Action No. 07-1319 (JDB) |

**MEMORANDUM OPINION**

Petitioner, a prisoner at the Federal Correctional Institution in Pekin, Illinois, has applied for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Upon consideration of the petition, the Court will dismiss the case for lack of jurisdiction.

Petitioner claims that he is unlawfully imprisoned because he is innocent and has "never had a trial by jury in any State where he committed a crime." Pet. at 3. He challenges five judgments of conviction, none of which was entered by this Court. *See id*. at 12-13 (listing state and federal convictions).

Habeas review of a federal conviction is available under 28 U.S.C. § 2255, which states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court

with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). Petitioner has not demonstrated the inadequacy or ineffectiveness of this remedy. His recourse with regard to the federal convictions lies in the respective sentencing courts, namely, the Southern District of Illinois and the Eastern District of Virginia. Pet. at 13.

Federal court habeas review of a state conviction is available under 28 U.S.C. § 2254 but only after the exhaustion of available state remedies. *See* 28 U.S.C. §2254(b)(1). Thereafter, "an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Petitioner challenges convictions entered by courts in Dallas and Houston, Texas, and in Clearwater, Florida. His federal recourse lies either in the Central District of Illinois or in the Northern District of Texas (Dallas), the Southern District of Texas (Houston) and the Middle District of Florida (Clearwater).

Because none of the challenged convictions was entered by this Court, no basis exists for maintaining the habeas action here. The case therefore will be dismissed by separate Order issued contemporaneously.

/s/
JOHN D. BATES
United States District Judge

Dated: August 13, 2007