RECEIVEL

AUG 2 9 2007

NANCY MAYER WHITTINGTON, L
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Don Benny Anderson,           )
    Petitioner,           )
       v.                )    Civil Action No. 07-1319(JDB)
Alberto Gonzales, et al.,     )
    Respondents.          )

## MOTION FOR RECONSIDERATION 59(e)

Writ was also filed pursant to Title 28 § 1651.  Court's Jursidcition.
Other jurisdiction: Title 18:4; Art.III,Sec.1,Sec.2; Art.I,Sec.9,Cl.2.

    Now comes, Don Benny Anderson, petitioner pursuant to 28 U.S.C.A.
§ 1651 moves this court to issue Writ Of Coram Nobis to correct errors
resulting in complete miscarriage of justice and attack conviction
involving collateral legal disadvantages which survive satisfaction
of sentence and Constitutional controversy is presented in petition
for relief in nature of writ of coram nobis.  Denied access to courts. *

**Kidnapping to block Campaign for the Presidency of the United States.**

    In support  hereof petitioner states the following:

    It is only when federal sentence is attacked under factual cir-
cumstances that establish that jurisdiction under 28 USCS § 2255 is
not available that petitioner has rights in nature of rights tra-
ditionally cognizable under common-law writ of coram nobis.  Burns v.
United States (1962, WD Mo) 210 F Supp 528, affd (1963, CA8 Mo) 321
F2d 893, cert den (1963) 375 US 959, 11 L Ed 2d 317, 84 S Ct 448.

    All Writs Act (28 USCS § 1651)(a) is meant to be used only in
exceptional cases where there is clear abuse of discretion or usurpa-
tion of judicial power.  La Buy v Howes Leather Co. (1957) 352 US 249,
1 L Ed 2d 290, 77 S Ct 309, reh den (1957) 352 US 1019, 1 Ed 2d 560,
77 S Ct 553.

*Denied access to courts with valid claims.  See Exhibits A and B.
Fraud by Frank H. Easterbrook, Chief Judge, Diane P. Wood, Circuit
Judge and Ann Claire Williams, Circuit Judge.

Courts acted in manner inconsistent with the due process and/or proceeded beyond the powers granted to it by law U.S.C.A. Const. Amend. 4,5,6,8,13,14. Federal/State judgments issued without jurisdiction.

A writ of coram nobis is available to correct errors "of the most fundamental character" that have occurred in a criminal proceeding. Morgan, 346 U.S. at 512, 74 S.Ct. 247. Indeed, it may issue only to correct errors "resulting in complete miscarriage of justice."

Jimenez v. Trominski, 91 F.3d 767, 768 (5th Cir.1996). "Thus it does not matter whether the convicted person is in custody; it is well established that the writ will lie where the convicted person is not custody, either because he has completed his sentence or because he has not yet begun to serve it. See United States v. Morgan, 346 U.S. at 510, 74 S.Ct. 247; United States v. Hay, 702 F.2d 572 (5th Cir. 1983)." See Hanan v. U.S., 402 F.Supp.2d 679 (E.D.Va.2005) at 684-685.

To justify issuance of writ of coram nobis, petitioner must demonstrate that claim could not have been raised on direct appeal, that conviction produces lingering civil disabilities, and that error is type of defect that would have habeas corpus relief. United States v Doe (1989, CA7 Ill) 867 F2d 986.

Equitable tolling Antiterrorism and Effective Death Penalty Act (AEDPA) limitations period is appropriate because petitioner exercised reasonable diligence in trying to obtain transcripts in investigation and bring claims and he was prevented from asserting his rights at trial and appeal in extrordinary way. He was not allowed to appeal himself and have accesss to transcripts and expose error and constitutional violations and sentencing court was acting in the complete absence of all jurisdiction and actual innocence.

Anderson's inability to obtain trial transcripts does war-
rant equitable tolling of limitations period, where the transcripts
are necessary to develope and prove claims in this writ of coram
nobis. Const. Amend. 5,13,14. Extraordinary circumstances warrant
tolling limit and writ of coram nobis relief.

Deprivation of Sixth Amendment right to counsel and of due
process justify issuance of writ of error coram nobis to remedy such
defect. United States v. Rife (1981, SD Ohio) 514 F Supp 368.

Court has jurisdiction of petition for writ of coram nobis to
review Anderson's challenge to sentence since counsel's failure to
raise issues presented herein before court on direct appeal call into
question effectiveness of counsel and  validity of court's proceedings.

In order to establish right to coram nobis relief, defendant must
allege, on face of petition, facts sufficent to show that error of
fundamental nature existed, which factual error rendered prior pro-
ceding irregular or invalid; additionally, defendant bears burden of
showing that coram  nobis relief is required in interest of justice.
United States v Gross (1978, DC NJ) 446 F Supp 948, vacated without
op (1978,CA3 NJ) 588 F2d 824 . **Slavery to stop Presidential Campaign.**

Writ of coram nobis is available at common law without limita-
tion of time, and therefore there was no merit to government's
position that plaintiff was barred from relief because he had delayed
24 years in seeking it, because if petitioner had been denied funda-
mental constitutional right, passage of time will not preclude him
from relief.  United States v Cariola (1963, CA3 NJ) 323 F2d 180.

Writ of error coram nobis may be properly used to seek dismissal
of indictment.  United States v McCord (1974, App DC) 166 US App DC1,

3

509 F2d 334, 37 ALR Fed 473, cert den (1975) 421 US 930, 44 L Ed 2d 87, 95 S Ct 1656.  Twelve qualified jurors never approved indictment.

Anderson is no longer "in custody" under wrongful conviction and alleges he is suffering from ongoing civil disabilities or adverse collateral consequences causing harm; potential harm is more than incidental.

Fundamental error occurred in the criminal proceeding in the proceedings deprivation of competent counsel, impartial judge, deprivation of right to represent himself at trial and/or appeal, innocent.

What is plain and fundamental is the mandate in the Constitution for the United States of America, Article III, Section 2, Clause 3: "The trial of all Crimes...shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed."

Petitioner never had a Trial by Jury in the State where the said Crimes shall have been committed.

No crime was committed.

Constitutional mandate is that judges **must** conduct a Trial by Jury in the State where Crimes shall have been committed.

Don Benny Anderson never knowingly and willingly waived the constitutional mandate placed on judges to conduct "The Trial of...Crimes... by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed."

No Judge asked petitioner for permission to waive the judges mandate that he conduct "The Trial of...Crimes...by Jury; and such Trial shall be held in the State where the Said Crimes shall have been committed.

Nor can any judge waive the fundamental mandate to conduct "The Trial of...Crimes...by Jury; and such Trial shall be held in the State

4

where the said Crimes shall have bee committed."

Judge without jurisdiction created a fictional judgment without a Trial by Jury held in the State where Crimes shall have been committed. Art. III, Sec. 2, Cl. 3.  He was not impartial.

Anderson relies on In re Winship, 397 U.S. 358, 364 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), "constitutional stature of the reasonable-doubt standard, we explicity hold that the Due Process Clause protects accused conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."

Judge without jurisdiction created a fictional judgment without a Trial by Jury held in the State where Crimes shall have been committed. All in violation of Title 18: 1201 ,2331, 1589, 1590, 1584, 241, 242.

It is probable that a different result would have occurred if a trial of crimes by jury and such trial held in the State where the crimes shall have been committed, if not for the error.

Adverse consequences continue to flow from the planned kidnapping "arrest", "conviction" and "sentence" such that a case or controversy exists within the meaning of Article III.  Slavery and involuntary servitued continues to exist.  Conditions being imposed by home grown terrorist in violation of the Thirteenth Amendment prohibition.

A more usual remedy is not presently available to correct the error.

Sound reasons exist for not challenging the error earlier. Petitioner suffered from other fundamental defects, deprivation of counsel and impartial judge, no rational trier of evidence pr oving guilt beyond a reasonable-doubt, courts covering up criminal acts,

5

procedural kidnapping, refusing to rule on actual innocent claims and Constitutional and statutory issues, imposing fines to cover up crime.

No probable cause to believe Anderson committed the crimes as charged.

Prosecution, court and counsel denied Anderson the right to present a defense via total discovery of all investigative documents; to present a defense free from categorical exclusions of competent, reliable, and unprivileged evidence of actual innocence is clearly established for purpose of review. U.S.C.A. Const.Amend. 5,14.

Case is totally infected with fundamental errors.

Fundamental fairness requires examination of all investigation and prosecution records, examination of all federal and state records, tape recordings and transcripts of grand jury, trial and appeal, examination of alleged counsel's records.

Prosecutor, pretender defense counsel and judge did commit overt act(s) and/or act(s) of omission to further the kidnapping of of Don Benny Anderson in violation of Title 18 § 1201; and knowingly and willingly engaged in domestic terrorism in violation of Title 18 § 2331; furthered Anderson's forced labor in violation of Title § 1589; knowingly and willingly furthered trafficking with respect to peonage, slavery, involuntary servitude, or forced labor in violation of Title 18 § 1590; knowingly and willingly furthered Anderson's involuntry servitude in violation of Title 18 § 1584; acted in conspiracy against rights in violation of Title 18 § 241; and deprivation of rights under color of law in violation of Title 18 § 242.

6

**Suspension of the Great Writ, Art. I; Sec.9; Cl.2 by courts is unconstitutional.  The All Writs Act is a residual source of authority by statute requiring case to be heard.  Sound reasons existed for failure to seek appropriate earlier relief.**

<u>PRAYER FOR RELIEF TO BE GRANTED</u>

Petitioner moves this Honorable Court to notify all federal and state agencies that it is issuing  an  Order of Notification that petitioner's intentional false arrest and illegal conviction and sentence have been declared null and void and failure to comply with Court's expungment order will make the agency plus individual liable for a penalty of One Million Dollars Per Day each, payable to petitioner if they do not comply.  And that a notation in the record is insufficient. That there is to be no trace of them; that the expungment of petitioner's records are ordered against all persons and agencies who maintain custody of such records, whether or not they are respondent, and the records must be turned over to petitioner intact within 30 days and verification by this Court.  A Certification of Compliance must be filed with this Court within 30 days of the receipt of order and said order is not in violation of state nor federal law.  For Anderson is a victim of a kidnapping conspiracy and respondent cannot provide a transcript proving the charged crime occurred as alleged in the charging instrument.

For Don Benny Anderson is entitled to compensation for the premeditated kidnapping and destruction of his good name, family and and business opportunites and is planning on traveling abroad and all the states of the union, running for public office, flying planes, voting in state and federal elections, being on a jury, owning a gun,

7

buying ammunition, going hunting, getting driver license, obtaining
identification, getting a drivers license, going into business
immediately and may suffer another false arrest, conviction and sen-
tence in the future by federal or state kidnappers acting under the
color of law, past arrests, convictions and sentences will be used to
enhance future sentence in the future.  As in this case at bar which
has been used against petitioner by kidnapping conspirators in state
and federal courts: United States District Courts, United States Court
of Appeals, United States Parole Commission, Supreme Court of the
United States, United States Probation Officers, Bureau of Prison
agents to keep Anderson in slavery by operation of law via prejudice.

By operation of law he is losing retirement Social Security
benefits, losing his right to vote, be on jury, opening a investment
business etc. Courts sabotage Presidential Campaign cover-up injustice.

In the future, by operation of law he will be losing his right
to vote and his constitutional rights.  Having to get permission from
parole officer to move into his jurisdiction is a continuing col-
lateral consequence, reporting to Halfway House and parole officer,
not allowed to own a gun, fly a plane, travel to certain places with-
out informing authorities about fake government created bogus convic-
tions and going into business of choice immediately, getting permis-
sion from parole officer to travel from one place to visit family and
conduct business in other places, being on a jury and owning a gun.

Petitioner is also requesting an Order stating that if asked if he
has been arrested or convicted or sentenced in the past he can legally
state, "No".  Because in reality petitioner was intentionally, illeg-
ally and unconstitutionally arrested, convicted and sentenced and this

8

Honorable Court decreed them Null and Void.

Petitioner at this time also moves this court in the interest of justice, judicial economy and the ends of justice; to decree his conviction(s) are constitutionally invalid and is entitled to have his arrest(s), conviction(s), sentence(s) and all cases mention in the presentence reports which enhanced sentence at one time or another by court or United States Parole Commission declare them "null" and "void" and all effects stemming from previous charges and conviction at bar and have them completely expunged from all records.

In Writ of Habeas Corpus, United States District Court for the Central District of Illinois, No. 05-1310, petitioner stated the court should Order the Summoning of Grand Juries to indict Respondent's attorneys Rodger A. Heaton, United States Attorney; Jan Paul Miller, United States Attorney for the Central District of Illinois, and Thomas A. Keith Assistant United States Attorney, for the crimes mention on pages five (5) and six (6) herein including Greggory R. Walters, Assistant United States Attorney etc. For knowingly and willing furthering alleged conspiracies. They didn't deny crimes charged.

Respondent's agents failed to comply with the following:

Title 28 § 2249. Certified copies of indictment, plea and judgment; duty or respondent. Respondent in Cause No. 05-1310, United States District for the Central District of Illinois failed to provide documents required.

Respondent did not deny that petitioner is entitled to compensation for the criminal kidnapping of him under 28 U.S.C. § 2243 and it conferes on federal courts with the descretion to dispose of habeas corpus matters and tailor remedies "as law and justice require."

9

Respondent's agent did not dispute compensation of One Billion or compensation of $100 Thousand Dollars per day was justified, to prove to be just, right, nor unreasonable, under the exceptional circumstances nor amount of remuneration, tax free, with no deduction for taxes or attorney fees.

Article [v] "No person shall...be deprived of life, liberty, or due process of law...**without just compensation.**

In Oklahoma, Avid McGee, Jr. received a jury award of $ 1 million per year for each year he spent in prison plus $500,000 for his wrongful conviction.  Like McGee, petitioner was convicted of crime he did not commit.

Miscarriage of justice has occurred by federal judiciary's practice of holding up procedure over justice, of speed and efficiency over fairness, due process and truth and justice.  This Honorable Court in the interest of protecting the peoples' rights, our National Constitution and the limited resources of the judicial system should order appropriate relief that you would expect if our situations were reversed.

This Honorable Court should order any other relief as is deemed fair, just and proper, just and equitable, if there be at law, to end the perpetual suffering and prejudice this Petitioner has endured all these decades; which has left his image, visage and reputation perpetually marred, by home grown domestic terrorists acting under the color of law.

Each day Anderson is kept in slavery, court is blocking his campaign for the Presidency of the United States.  To be established in this land by the wisdom of the God is a free people, with due process

10

of law, with life, liberty and justice for all.

TITLE 18 § 1621 UNSWORN DECLARATIONS, EVIDENCE

## UNSWORN AFFIDAVIT/DECLARATIONS UNDER THE PENALTY OF PERJURY

## PURSUANT TO TITLE 28 U.S.C. § 1746

1. My name is DON BENNY ANDERSON.  I am sixty-six (66) years of age, having being born in December 19, 1940, in Springfield, Illinois;

2. I am of sound mind and fully competent to make this Affidavit/ Declarations under the penalty of perjury;

3. This Affidavit/Declarations must stand for Truth, unless challenged point-for-point by an opposing Affidavit/Declarations drawn under the same terms and conditions as this instrument;

4. This Affidavit/Declarations will stand as Truth, and fact before the United States District Court for the District of Columbia, in this Writ of Coram Nobis. **SEE UNDISPUTED EVIDENCE FOLLOWING.**

5. This Affidavit/Declaration  is made on personal knowledge and set forth facts that are admissible as evidence;

6. Anderson declares the source of information relied on is unaltered court tape recordings and perfect transcripts made from them, without omissions or inaudible portions from the following courts to reveal that he was illegally and unconstitutionally convicted and sentence by courts that acted in the complete absence of all juris- diction to execute sentence upon him; and totality of all federal and state agencies records and agents information concerning the following cases: [**US Parole Commission informed of actual innocence.**]

> 1) 194th Judicial District Court of Dallas County, Dallas, Texas, Cause No. F78-483NM;
>
> 2) 284th Judicial District Court of Harris County, Houston, Texas Cause No. 315053;

3) United States District Court for the Southern District of Illinois, Cause No. 82-CR-50031;

4) Circuit Court - Pinellas County, Clearwater, Florida, Cause No. CRC 83-02708CFANO;

5) United States District Court for the Eastern District of Virginia, Cause No. 83-00159-A;

7. Anderson never heard or saw nor has knowledge of any evidence presented in any court by any prosecutor proving he committed the fabricated charges as alleged in the charging instruments and knows that none ever existed and cannot be produced;

8. Anderson was constructively without counsel at trial and on appeal;

9. Court proceedings were fundamentally unfair;

10. All courts listed at 6 acted in the complete absence of all jurisdiction and sentenced Anderson;

11. The judgments of the above listed courts are legally and constitutionally null and void for Want of Jurisdiction;

12. Anderson is factually and actually innocent of all crimes charged in federal and state charging instruments;

13. The Supreme Court has decreed that the Fifth and Fourteenth Amendments requires that the government prove beyond a reasonable doubt every fact that constitutes the offense charged;

14. Federal and state prosecutors prosecuted Anderson knowing that they could not prove beyond a reasonable doubt every fact that constitutes the fictional offenses charged;

15. Anderson was brought up on bogus charges before controlled grand juries, which were dupes and rubber stamps for lying prosecutors;

16. Anderson was coerced into having incompetent counsel represent him in lawless federal and state courts;

17. Anderson gave notice to all federal and state courts that he was going to represent himself; yet this right was abridged from him;

18. The judgment of the above listed courts at 6 are legally and constitutionally null and void for judges lacked jurisdiction;

19. No federal or state prosecutor can give Anderson full discovery of all federal and state records because nationwide conspirators will not expose a national conspiracy to frame him on bogus offenses;

20. No evidentiary hearing can be held with any prosecutor presenting proof beyond a reasonable doubt every fact that constitutes the offense charged;

21. Anderson was convicted for non-offenses and illegally sentenced and imprisoned;

22. Respondent in Case No. 05-1310, United States District Court for the Central District of Illinois, failed to provide evidence from government files prior to Anderson's arrest that meet the "constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970);

23. Respondent failed to provide unaltered court tape recordings and perfect transcripts made from them from any court.

13

24. Respondent failed to provide records. "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury * * * ;

25. Respondent failed to present record. Congress has mandated that legal sentences conform with 18 U.S.C.A. Rule 6. The Grand Jury: (b)(2) "The court must not dismiss the indictment on the ground that a grand juror was not legally qualified if the record show that at least 12 qualified jurors concurred in the indictment...(c)...the foreperson-will record the number of jurors concurring in every indictment and will file the record with the clerk." All judges refused to provide this document;

26. Respondent failed to provide records. "No person...shall be compelled in any criminal case to be a witness against himself."

27. Court sentence are void; rendered without jurisdiction;

28. Don Benny Anderson is constitutionally, statutorially, legally, factually and actually innocent of all federal and state charges as alleged in the charging instruments;

29. Don Benny Anderson relies on our nation's inspired Trump Card: **WE THE PEOPLE** of the United States...Constitution for the United States of America [Preamble].

30. The penalty for perjury is five (5) years;

31. Truth is Sovereign in Law;

**FURTHER DON BENNY ANDERSON SAYETH NAUGHT.**

Signed under Title 28 U.S.C. § 1746 on this _23_ day of August 2007.

**SEE UNDISPUTED EVIDENCE OF
ACTUAL INNOCENCE IN NEXT
AFFIDAVIT. FOLLOWING PAGES.**

Don B. Anderson

Don Benny Anderson #06260-026

14

UNDISPUTED EVIDENCE OF ACTUAL INNOCENCE

TITLE 18 § 1621  UNSWORN DECLARATIONS, EVIDENCE

UNSWORN AFFIDAVIT/DECLARATIONS UNDER THE PENALTY OF PERJURY

PURSUANT TO TITLE 28 U.S.C. § 1746

1. My name is DON BENNY ANDERSON.  I am sixty-four (64) years of age, having being born on December 19, 1940, in Springfield, Illinois;

2. I am of sound mind and fully competent to make this Affidavit/ Declarations under the penalty of perjury;

3. This Affidavit/Declarations must stand for Truth, unless challenged point-for-point by an opposing Affidavit/Declarations drawn under the same terms and conditions as this instrument;

4. This Affidavit/Declarations will stand as Truth, and fact before the United States District Court for the Central District of Illinois in this writ of habeas corpus;  [Case No. 05-1310]

5. This Affidavit/Declarations is made on personal knowledge and set forth facts that are admissible as evidence;

6. Anderson declares the source of information relied on is unaltered court tape recordings and perfect transcripts made from them, without omission or inaudible portions from the following court cases, to reveal that he is a kidnapped victim in violation of Title 18 § 1201; a victim of domestic terrorism in violation of Title 18 § 2331; in forced labor in violation of Title 18 § 1589; in involuntary servitued in violation of Title 18 § 1584; and is a victim in respect of peonage, slavery, involuntary servitude, or forced labor in violation of Title 18 § 1590; and a victim of a conspiracy against rights in violation of Title 18 § 241; and a victim of deprivation of rights under color of law in violation of Title 18 § 242, and totality of federal and state agencies records and

agents information concerning the following cases:

1) 194th Judicial District Court of Dallas County, Dallas, Texas, Cause No. F78-483NM;

2) 284th Judicial District Court of Harris County, Houston, Texas, Cause No. 315053;

3) United States District Court for the Southern District of Illinois, Cause No. 82-CR-50031;

4) Circuit Court - Pinellas County, Clearwater, Florida, Cause No. CRC 83-02708CFANO;

5) United States District Court for the Eastern District of Virginia, Cause No. 83-00159-A;

7. Anderson never heard or seen nor has knowledge of any evidence presented in any court by any prosecutor proving he committed the fabricated charges as alleged in the charging instruments and knows that none never existed and cannot be produced;

8. Anderson was constructively without counsel at trial and on appeal;

9. Court proceedings were fundamentally unfair;

10. All courts listed at 6 acted in the complete absence of all jurisdiction and sentenced Anderson;

11. The judgments of the above listed courts are legally and constitutionally null and void for Want of Jurisdiction;

12. Anderson is factually and actually innocent of all crimes charged in federal and state charging instruments;

13. The Supreme Court has decreed that the Fifth and Fourteenth Amendments requires that the government prove beyond a reasonable doubt every fact that constitutes the offense charged;

14. Federal and state prosecutors kidnapped Anderson knowing that they

16

could not prove beyond a reasonable doubt every fact that con-
stitutes the fictional offenses charged;

15. Anderson was brought up on bogus charges before controlled grand
juries, which were dupes and rubber stamps for lying proescutors;

16. Anderson was coerced into having a kidnapping conspirator to
represent him in kangaroo federal and state trials;

17. Anderson gave notice to all federal and state courts that he was
going to represent himself; yet this right was abridged from him;

18. The judgments of the above listed courts at 6 are legally and
constitutionally null and void for judges kidnapped Anderson;

19. No federal or state prosecutor can give Anderson full discovery
of all federal and state records because kidnapping conspirators
will not expose a national conspiracy to frame him on bogus
offenses;

20. No evidentiary hearing can be held with any prosecutor presenting
proof beyond a reasonable doubt every fact that constitutes the
offense charged;

21. Anderson was convicted for non-offenses and illegally sentenced
and imprisoned;

22. New and incontrovertable evidence of factual and actual innocence
is found in this court's case numbers: 05-1061; 05-1164; 05-1168;
and this writ;

23. Thomas A. Keith in response to Petitioner For Writ Of Habeas
Corups number 05-1061 failed to provide evidence from FBI files
prior to Anderson's arrest that meet the "constitutional stature
stature of the reasonable-doubt standard, we explicitly hold that
the Due Process Clause protects the accused conviction except

upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970);

24.  Thomas A. Keith also failed to provide unaltered court tape recordings and perfect transcripts made from them, without omission or inaudiable portions, Case number 28-CR-50031, United States District Court for the Southern District of Illinois;

25.  Respondent's attorney Keith relied on a fictional account of events created the Seventh Circuit Court Court of Appeals. With fraudulant federal crimes taking placed about seventy-five to a hundred miles northeast of charged events taking place in another court's jurisdiction;

26.  Court created precedent and illegal and unconstitutional judge manufactured dogmatic "doctrine" principle theories are null and void; they usurp the Constitution **for** the United States;

27.  Don Benny Anderson relies on our nation's inspired Trump Card: **WE THE PEOPLE** of the United States...Constitution **for** the United States [Preamble];

28.  Don Benny Anderson is constitutionally, legally, factually and actually innocent of all federal and state charges as alleged in the charging instruments;

29.  The penalty for perjury is five (5) years;

30.  Truth is Sovereign in Law;

**FURTHER DON BENNY ANDERSON SAYETH NAUGHT.**

Signed under Title 28 U.S.C. § 1746 on this 6th day of October 2005.

*Don B. Anderson*

Don Benny Anderson #06260-026

18

Date August __23__ ,2007

Respectfully Submitted,

*Don B. Anderson*

## CERTIFICATE OF SERVICE

I, Don Benny Anderson, do swear or declare that on this date, August __23__ ,2007, I have served the enclosed **MOTION FOR RECONSDERATION 59(e) and Exhibits** on the following parties to this proceeding, by depositing an envelope containing the above document in the Legal Mail, United States mail properly addressed and with first-class postage prepaid. The name and parties served are as follows:

U.S. Attorney:
Kenneth L. Wainstein
5806 Judiciary Center Bldg.
555 4th St. N.W.
Washington, DC 20001

Clerk:
Nancy Mayer-Whittington
F. Barrett Prettyman U.S. CtHse
333 Constitution Ave. N.W.
Washington, DC 20001-2802

Attorney General:
Alberto Gonzales
950 Pennsylvania Ave.NW Room 4400
Washington, DC 20530

Director:
Harley G. Lappin
Federal Bureau of Prisons
320 First Street N.W.
Washington, D.C. 20534

Signed pursuant to Title 28 U.S.C. § 1746.

*Don B. Anderson*

Don Benny Anderson
#06260-026
Federal Correctional
Institution
P.O. Box 5000
Pekin, Illinois 61555

19

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 25, 2006
Decided January 12, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 06-2628, 06-2629 & 06-2693

| | |
|---|---|
| DON B. ANDERSON,<br> *Petitioner-Appellant,*<br><br> *v.*<br><br> UNITED STATES OF AMERICA,<br> *Respondent-Appellee.* | Appeals from the United States District Court for the Central District of Illinois<br><br> Nos. 06 C 1042, 06 C 1044 & 06 C 1043<br><br> Michael M. Mihm,<br> *Judge.* |

## ORDER

In 1980, Anderson was convicted in Harris County, Texas, of securing execution of a document by deception. *Anderson v. State*, No 01-84-0451-CR, 1987 WL 19058 (Tex. Ct. App. Oct. 29, 1987). He was sentenced to five years' imprisonment in 1984, and his sentence has since expired. Appeal no. 06-2628 arises from the dismissal of Anderson's fifth collateral attack on his Harris County conviction. In February 2003, he filed actions under 28 U.S.C. §§ 2254 and 2241 in the Northern District of Texas attacking, among others, his Harris County conviction. He argued the conviction was unconstitutional and, since he was denied parole on his federal sentence in part because of the Harris County conviction, that he was entitled to parole. The magistrate judge determined that Anderson was required to exhaust his administrative remedies with the Bureau of Prisons before

Exhibit A

he could challenge his lack of entitlement to parole; since he had not done so, the judge recommended dismissing the petitions without prejudice. *See Anderson v. Fleming*, No. Civ.A.4:03-CV-097-Y, 2003 WL 21246095 (N.D. Tex. May 1, 2003). The district court adopted the magistrate judge's findings and report but dismissed the petitions with prejudice. *See id.* The Fifth Circuit affirmed in an unpublished order. *Anderson v. Fleming*, No. 03-10457, 79 F. App'x 4 (5th Cir. Oct. 21, 2003). In July 2003, Anderson filed another § 2241 petition in the Northern District of Texas, attacking his two federal court convictions and his three state court convictions, including the one in Harris County. To the extent Anderson challenged his Harris County conviction, the district court construed the filing as a petition under § 2254, but dismissed it with prejudice for lack of jurisdiction. *See Anderson v. State*, No. Civ.A.4:03-CV-793-Y, 2003 WL 22410582 (N.D. Tex. Sept. 9, 2003).

In June and November 2005, Anderson filed § 2241 petitions in the Central District of Illinois challenging his Harris County conviction. The district court denied both petitions because Anderson's state sentence had expired. He moved twice for reconsideration of the denial of his first petition, and the district court denied both motions. Anderson appealed the denials of his two § 2241 petitions, and this court dismissed both appeals under Circuit Rule 3(b).

In February 2006, Anderson filed a motion for a writ of error coram nobis in the Central District of Illinois challenging his Harris County conviction, the dismissal of which led to appeal no. 06-2628. The district court construed the motion as a petition under § 2254 and found it untimely as a first § 2254 petition and an unauthorized attempt to file a successive § 2254. But since Anderson is no longer "in custody" under his Harris County conviction, he could not have obtained relief by a § 2254 petition; a motion for writ of error coram nobis was the correct submission. *See United States v. Bush*, 888 F.2d 1145, 1147 (7th Cir. 1989). However, Anderson has not alleged that he is suffering from any ongoing civil disabilities or adverse collateral consequences—prerequisites to relief by a writ of error coram nobis. *See Howard v. United States*, 962 F.2d 651, 653 (7th Cir. 1992); *United States v. Craig*, 907 F.2d 653 (7th Cir. 1990). [Fraud exposed Exhibit B. Emphasis added.]

Appeal no. 06-2629 stems from a challenge to Anderson's 1978 conviction in Dallas County, Texas, for securing capital without effective consent of the owner. *See Anderson v. State*, No. Civ.A.4:03-CV-793-Y, 2003 WL 22410582 (N.D. Tex. Sept. 9, 2003). According to Anderson, he was sentenced to two years probation. In the same July 2003 petition in which Anderson collaterally attacked his Harris County conviction under § 2241 (in the Northern District of Texas), he also attacked his Dallas County conviction. The district court construed the filing as a petition

**Exhibit A**

under § 2254 and dismissed it with prejudice for lack of jurisdiction. *See Anderson v. State*, No. Civ.A.4:03-CV-793-Y, 2003 WL 22410582 (N.D. Tex. Sept. 9, 2003).

In February 2006, Anderson filed the motion for a writ of error coram nobis in the Central District of Illinois that is the subject of appeal no. 06-2629. As it did with his motion challenging his Harris County conviction, the district court construed the motion as a petition under § 2254 and found it untimely and an unauthorized attempt to file a successive petition. But Anderson is no longer "in custody" under his Dallas County conviction, so he could not have filed a § 2254 petition. Thus, a motion for writ of error coram nobis was correct. *See Bush*, 888 F.2d at 1147. But again Anderson alleges no ongoing civil disabilities or adverse collateral consequences of his Dallas County conviction, *see Howard*, 962 F.2d at 653, so his challenge fails. [Fraud exposed Exhibit B. All writs the same.] [Emphasis added.]

Anderson's 1983 conviction in Pinellas County, Florida, for two counts of arson underlies appeal no. 06-2693. *See Anderson v. Fleming*, No. 8:02-cv-1463-T-24MSS (M.D. Fla. Aug. 27, 2002). He was sentenced to a term of fifteen years' imprisonment, to be served concurrently with his federal sentence. In 2002, Anderson filed a petition for habeas corpus in the Northern District of Texas attacking his Pinellas County conviction. The court construed the petition as one under § 2254 and transferred it to the Middle District of Florida. Upon transfer, the district court denied the petition since Anderson was attacking an expired state sentence. The Eleventh Circuit denied Anderson's request for a certificate of appealability. *Anderson v. Fleming*, No. 02-15701-H (11th Cir. Dec. 20, 2002) (unpublished order).

Anderson challenged his Pinellas County conviction in the same July 2003 petition in the Northern District of Texas in which he challenged his other convictions. As with his Texas convictions, the district court construed the filing as a petition under § 2254 and dismissed it with prejudice for lack of jurisdiction. *See Anderson v. State*, No. Civ.A.4:03-CV-793-Y, 2003 WL 22410582 (N.D. Tex. Sept. 9, 2003).

In August 2005, Anderson also filed a § 2241 petition in the Central District of Illinois attacking his Pinellas County conviction. The district court construed the petition as one under § 2254, because Anderson challenged his conviction rather than conditions of his confinement, and dismissed the petition for lack of subject matter jurisdiction.

While his § 2241 petition was pending in the district court, Anderson filed his motion for a writ of error coram nobis in the same court, the denial of which led to

appeal no. 06-2693. As it did with his motion challenging his Texas convictions, the district court construed the motion as a § 2254 petition and found it untimely and an unauthorized attempt to file a successive habeas petition. But Anderson was right to label his motion as one for a writ of error coram nobis because he is no longer "in custody" under his Pinellas County conviction. *See Bush*, 888 F.2d at 1147. Nonetheless, Anderson alleges no ongoing civil disabilities or adverse collateral consequences of his Dallas County conviction, *see Howard*, 962 F.2d 653, so his challenge fails. [Fraud exposed Exhibit B. All writs the same.] [Emphasis added.]

Anderson has filed twenty appeals—most of which were dismissed under Circuit Rule 3(b)—three petitions for a writ of mandamus, and an application for authorization to file a successive collateral attack in this court alone. On October 3, 2002, in response to one of his petitions, this court warned Anderson that if he continued to file substantively frivolous appeals he would be subject to sanctions in accordance with *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997). He has been sanctioned by the Northern District of Texas for filing six habeas corpus petitions in a little over a year. *Anderson v. Fleming*, No. Civ.A.4:03-CV-1145, 2003 WL 22255712 (N.D. Tex. Sept. 29, 2003). He was sanctioned $500 in 1999 by Judge Gilbert of the Southern District of Illinois for filing frivolous motions. And on April 18, 2006, Judge Mihm sanctioned Anderson $600 and ordered the clerk of court to refuse any papers he attempts to file until he pays the fine. [Judges knowingly and willingly engaged in procedural kidnapping, slavery and extortion.]

Accordingly, we AFFIRM the district court's judgments in case nos. 06-2628, 06-2629 & 06-2693. Anderson's motions to expedite and to proceed in forma pauperis are DENIED.

Anderson is fined $1000, and the clerks of all courts within this circuit are advised to return, unfiled, any papers he files in civil litigation until he pays the fine. *See Alexander*, 121 F.3d at 316; *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). Anderson also owes the docket and filing fees for this blizzard of actions and appeals. He has struck out long ago, and per *Thurman v. Gramley*, 97 F.3d 185 (7th Cir. 1996), the filing ban should last until all fees (plus the $1000 fine) have been paid. [Notice: Alexander, 121 F.3d at 315 demonstrates Anderson's filings were not frivolous applications: "Support Systems Intentional, Inc. v. Mack, 45 F3d 185 (7th Cir. 1995) — has an exception for collateral attacks on convictions." Petitioner's Writ Of Coram Nobis were/are collateral attacks on convictions.] [Emphasis added.]

### Exhibit A

meditated kidnapping and [destruction of his good name, family and business opportunites and is planning on traveling abroad and all the, states of the union, running for public office, flying planes, voting in state and federal elections, being on a jury, owning a gun, getting a drivers license, going into business immediately and may suffer another possible false arrest, conviction and sentence in the future on fictional charges as in this case at bar which has been used against him by kidnapping conspirators in United States District Courts and United States Parole Commission and <u>he will suffer future collateral consequences if false arrest records, conviction records and sentencing records remains.</u> ]  **[Emphasis added.]**

Petitioner is also requesting a Order stating that if asked it he has been arrested or convicted or sentenced in the past he can legally state, "No". Because in reality petitioner was intentionally, illegally and unconstitutionally arrested, convicted and sentenced and this Honorable Court decreed them Null and Void.

Petitioner at this time also moves this court in the interest of justice, judicial economy and the ends of justice; to decree his convictions are constitutionally invalid and is entitled to have his arrests, convictions, sentences and all the effects steaming from them completely expunged from all records. Order any other relief as is deemed just and proper, if any there be at law, least Anderson suffer irreparable injury.

Date:  February 17, 2006

Don Benny Anderson #06260-026
Federal Correctional Institution
PO Box 5000
Pekin, Illinois 61555

Signed under Title 18 § 1621 and
Title 28 § 1746.

Respectfully submitted,

*Don B. Anderson*

Don Benny Anderson #06260-026

(5)

**EXHIBIT B**